PEOPLE v REDDY

Docket No. 91079. Submitted June 16, 1987, at Grand Rapids. Decided
    May 16, 1988.

Defendant, Mark Stanley Reddy, on a probationary sentence from
    the Wexford Circuit Court, testified at a state fire marshal's
    inquiry under a grant of immunity by the state fire marshal.
    Russell Martin was subsequently convicted of arson of a motor
    vehicle. Martin implicated Reddy in the arson. Defendant's
    probation officer petitioned to terminate defendant's probation-
    ary sentence. The court, William R. Peterson, J., found defen-
    dant guilty of violating his probation in three respects: (1)
    failing to report to his probation officer; (2) participating in the
    arson; and (3) associating with a person engaged in a criminal
    act. Defendant appealed, alleging error in the court's relying on
    defendant's involvement in the arson as a basis for revoking his
    probation.

    The Court of Appeals held:

    Immunity granted in a state fire marshal's investigation is
    transactional immunity and the witness may not be prosecuted
    or punished for the offense to which the grant of immunity
    relates. Since defendant was granted transactional immunity,
    the trial court erred to the extent it relied upon defendant's
    involvement in the arson as a basis for revoking his probation-
    ary sentence. However, the defendant was also found guilty of
    violating his probation by failing to report for a probation
    appointment.

    Remanded.

    SAWYER, P.J., concurred in result only.

ARSON — WITNESSES — IMMUNITY — FIRE MARSHAL'S INVESTIGATION.

    Immunity granted in a state fire marshal's investigation is trans-
    actional immunity and the witness may not be prosecuted or

REFERENCES

Am Jur 2d, Evidence § 563.
Am Jur 2d, Witnesses § 59.
Prosecutor's power to grant prosecution witness immunity from
    prosecution. 4 ALR4th 1221.
Right of defendant in criminal proceeding to have immunity from
    prosecution granted to defense witness. 4 ALR4th 617.

punished for the offense to which the grant of immunity relates (MCL 29.7[4]; MSA 4.559[7][4]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David A. Hogg,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for defendant on appeal.

Before: SAWYER, P.J., and MACKENZIE and W. J. CAPRATHE,* JJ.

W. J. CAPRATHE, J. Defendant appeals as of right from the revocation of his probationary sentence and from the trial judge's sentence of from three to ten years' imprisonment on defendant's underlying offense of breaking and entering an unoccupied dwelling, MCL 750.110; MSA 28.305.

Defendant's probation was revoked because of an allegation that he participated in the arson of a motor vehicle. One Russell Martin was convicted of the offense. Defendant had testified against Martin following a grant of immunity from the state fire marshal under MCL 29.7(4); MSA 4.559(7)(4). However, in the offender's version of Martin's presentence report, Martin implicated defendant in the arson. When defendant's probation officer learned of defendant's alleged involvement, he filed a petition to terminate defendant's probationary sentence. Defendant was ultimately convicted of violating the terms of his probationary sentence in three respects: (1) failing to report for his June 25, 1985, probation appointment; (2) actively participating in an arson; and (3) associating with a person engaged in a criminal act.

On appeal, defendant claims that the trial judge

---

* Circuit judge, sitting on the Court of Appeals by assignment.

erred in relying upon defendant's involvement in the arson as a basis for revoking defendant's probationary sentence since defendant testified under a grant of transactional immunity. We agree.

When defendant was charged with violating his probationary sentence, he moved for dismissal, arguing that, because he was granted transactional immunity by the fire marshal, he could not be charged for any of the events surrounding the arson. The prosecutor argued that the grant of immunity did not preclude revocation of defendant's probation. In his appellate brief, the prosecutor further notes that none of defendant's statements made under the grant of immunity were used against him at his probation revocation hearing. Instead, it appears that the testimony of Russell Martin provided the only evidence against defendant. The trial judge declined to dismiss the charges against defendant.

On appeal, we must decide the breadth of the immunity granted under MCL 29.7(4); MSA 4.559(7)(4). That provision states:

> A person shall not be excused from testifying or from producing books, papers, records, or memoranda in an investigation, or upon a hearing, when ordered to do so by the state fire marshal, upon the ground that the testimony or evidence, documentary or otherwise, may tend to incriminate the person or subject the person to a criminal penalty; *but a person shall not be prosecuted or subjected to a criminal penalty for, or on account of, a transaction made or a thing concerning which the person may testify or produce evidence, documentary or otherwise, before the state fire marshal.* A person so testifying shall not be exempt from prosecution and punishment for perjury committed in testifying. [Emphasis added.]

Basically, there are two kinds of immunity,

transactional immunity and use immunity. Transactional immunity is more comprehensive. Under it, a witness may not be prosecuted or punished for the offense to which the grant of immunity relates. Use immunity is more limited. Under it, a prosecutor may not use a witness' testimony or any information derived from the testimony against the witness in a subsequent prosecution. Thus, while transactional immunity provides a complete bar to prosecution, under use immunity a witness may be prosecuted for the offense to which the compelled testimony relates, but only if the prosecution shows that the evidence used was derived from a legitimate source, wholly independent of the compelled testimony. 3 Wharton Criminal Procedure (12th ed), § 409, pp 94-95.

In the present case, we must decide whether the statute under which defendant was granted immunity provides for transactional or use immunity. If the statute provides for transactional immunity, then defendant cannot be punished for his involvement in the arson. If the statute only provides for use immunity, then defendant can be punished because the evidence the prosecutor used was from a legitimate, independent source, Russell Martin, rather than from defendant.

From the broad language of the provision, we conclude that the Legislature intended to grant transactional immunity under the statute. Our conclusion is buttressed by the Legislature's use of the word "transaction" in the statute and the absence of the word "use." Further, we note that the last sentence of the statute states that the grant of immunity under the statute shall not exempt the testifying witness from prosecution for perjury. From this language, we draw an inference that a person granted immunity under the provi-

sion cannot be prosecuted or punished for anything related to their testimony except perjury.

Our finding of transactional immunity is further supported by the similarity of the provision with the now repealed compulsory testimony act of February 11, 1893, 27 Stat 443, repealed by the Organized Crime Control Act of 1970, Pub L No 91-452, § 245, 84 Stat 931. At the time of its repeal, this act provided:

> [N]o person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise.

This act became the basic form for federal transactional immunity statutes until it was repealed and replaced by an act providing only for use immunity, 18 USC 6001 *et seq.* For a discussion of the history of federal immunity law, see *Kastigar v United States,* 406 US 441; 92 S Ct 1653; 32 L Ed 2d 212 (1972).

Since defendant was granted transactional immunity under MCL 29.7(4); MSA 4.559(7)(4), the trial court erred to the extent it relied upon defendant's involvement in the arson as a basis for revoking his probationary sentence. However, since the defendant was also found guilty of violating his probation by failing to report for his June 25, 1985, probation appointment, this case is remanded for further proceedings on defendant's conviction of that violation alone.

We do not retain jurisdiction.

SAWYER, P.J., concurs in the result only.